IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JULIAN ORTEGA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-022-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Julian Ortega, a state prisoner currently incarcerated in Bridgeport, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

I. Factual and Procedural History

Ortega challenges a 2007 disciplinary proceeding conducted at the Neal Unit, and the resultant loss of privileges, reduction in line class status, and loss of 60 days of good time. (Disciplinary

Hrg. R. at 1)  Ortega was charged in Disciplinary Case No. 20070323415 with masturbating in public, a Level 2, Code 20.0 violation. (*Id.* at 4)  Respondent contends the petition is untimely.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period began to run on the date on which petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. See Kimbrell v. Cockrell, 311 F.3d 361, 363-64 (5th Cir. 2002). Petitioner could have discovered the factual predicate of his claims on the date of the disciplinary hearing and conviction on July 24, 2007; thus, the limitations period was triggered on that date and expired one year later on July 24, 2008, subject to any applicable tolling. The limitations period was tolled during the pendency of the prison grievance process from July 30, 2007, through August 22, 2007, or 23 days, making Ortega's petition due on or before August 16, 2008.[1] Id. at 364. Ortega has not demonstrated that extraordinary circumstances otherwise prevented him from asserting his rights. Davis v. Johnson, 158 F.3d 806, 807 (5th Cir. 1998). Thus, Ortega's petition filed on January 12, 2010, is untimely.

---

[1] The record reflects that petitioner filed only a Step 1 grievance.

3

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253©, for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED April 13, 2010.

JOHN McBRYDE
United States District Judge